BECHTOLD v. NOWACKE et al.

(Circuit Court, S. D. New York. July 8, 1904.)

1. PATENTS—INVENTION—HAIR RETAINERS.

The Bechtold patent, No. 682,448, for a comb for retaining the hair, consisting of a back with a comb attached, and extending contiguous thereto, having the prongs curved toward the back intermediate their length, for the purpose of locking the retainer to the hair, is an improve-

ment in efficiency over prior devices, and discloses invention. Also *held* infringed.

In Equity. Suit for infringement of letters patent No. 682,448, for a hair retainer, granted to William S. Bechtold September 10, 1901. On final hearing.

Walter W. Menzel (M. W. Divine, of counsel), for complainant.

Goepel & Niles (Joseph H. Niles, of counsel), for defendants.

HAZEL, District Judge. This is a suit to recover damages for infringement of United States letters patent No. 682,448, granted to complainant on September 10, 1901, on an application filed July 3, 1901. The invention relates to improvements in combs or so-styled hair retainers. The patent has two claims. The first reads as follows:

"(1) A hair retainer comprising a back and a comb attached to said back at one end thereof, and extending contiguous with said back, and the prongs of said comb having, intermediate of their lengths, portions curved toward the back for the purpose of locking the retainer to the hair, substantially as described."

The second claim is like the first, but has the additional feature of the prongs having their points diverging from the back. The essential elements of the combination comprise (a) a back or frame; (b) a comb attached at one end of the frame, and extending contiguous therewith; and (c) prongs or teeth curved towards the back between their point and root. The answer challenges the validity and novelty of the patent and denies infringement. The object of the invention was to improve combs for women which were adapted to hold the hair in place at the back and side of the head. The primary purpose of the patentee was to invent a comb which would effectively lock the retainer to the hair by joining the frame or guard with the comb proper, and to impart a conformation or curvature to the prongs or teeth which would prevent the hair of the wearer, when arranged or dressed, from becoming disheveled. The specification, after stating the specific object of the patent, says:

"To this end, my invention consists essentially of a hair retainer, comprising a back and a comb attached to said back, at one end thereof, and extending contiguous with said back, and the prongs of said comb having, intermediate of their length, portions curved toward the back for the purpose of locking the comb to the hair."

The specification further states that the invention is not confined to any particular construction, shape, or form of the back or retainer. The prior art does not show a comb or device which has as efficiently retained the short hairs in place at the back of the head when the hair is dressed at the top of the head as the invention in suit. True, combs have been used from time immemorial which were quite as effective as coiffure clasps or pins, or, indeed, even to confine the loose or flying hairs, but none of the drawings and specifications of the various prior patents seem to have met the practical requirements or achieve the precise result of the patent in suit. For example, combs of the kind described in the Miller patent, No. 535,954, having a frame with four sides, and teeth projecting at different angles; hair fasteners with pin or curved prongs, as shown in the patent of Bates, No. 628,596; back

combs, with comparatively long, curved teeth, as shown in the Bechtold patent, No. 551,175; ornamental head combs, with straight teeth and embellished frames, like the Warring patent, No. 129,441—were very well known at the date of the invention. These combs, and others to which attention is called by the defendants, were generally designed to fasten and retain the hair in position when dressed on different parts of the head. None of them were especially adapted to hold the short hairs in place at the back or side of the head when the hair is combed upward and fastened at the top. In this respect, according to the undisputed evidence, the patent in suit was an improvement, and is apparently superior to those of preceding date. That it has achieved some degree of commercial success may well be assumed from the testimony of the various witnesses for the complainant who deal in commodities of this character. The degree of invention is slight. Though the claims of the patent are for a combination of elements taken from the prior art, yet, when these elements were united in the manner shown in the patent, a new and useful result followed. That a new and useful result was achieved is not seriously controverted. Therefore, in view of the extensive use of the invented article, the principle enunciated in Loom Co. v. Higgins, 105 U. S. 580, 26 L. Ed. 1177, and Topliff v. Topliff et al., 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658, is thought to apply. The combs of the prior art do not securely keep the short hair from becoming unattached or loosened when dressed upward at the back of the head. By providing a device with prongs having intermediate of their lengths a curvature toward the back, "for the purpose of locking the retainer to the hair," together with a contiguous extension, as stated in the claims, the patentee seems to have met the exigencies of the situation. The combination of the prongs, curved between their point and root, and attached closely to the back of the frame, permits retaining the long and short hairs in place. For the reasons stated, the defendants' contention that the patent is void for want of invention is thought to be untenable.

The patent to Nowacke, No. 673,650, dated May 7, 1901, is a close approach to the invention in suit, but does not anticipate it. There the teeth are parallel with the back, and do not possess the curvature which manifestly is the principal feature of the Bechtold patent in controversy.

Both parties have given evidence tending to show that their respective inventions were completed and disclosed to the public prior to the date of their applications, namely, the application of complainant for patent, dated July 3, 1901, and the application of defendants for patent, dated August 23, 1901. The evidence, however, is not persuasive, and therefore neither the complainant nor the defendants are entitled to have the date of their invention carried back prior to the date of application. The parties to this litigation are competitors in business, and each has zealously striven to be the first to produce a comb which would achieve the result accomplished by the patent in suit. Under the circumstances, and in the light of the views heretofore expressed, I am not inclined to hold, however slight the invention, that the question is merely one of mechanical skill.

The remaining question is that of infringement. The device of the defendants has a back or frame similar to that of the complainant.

The comb attached to the back at the upper end extends contiguous therewith, and the prongs of the comb between their upper ends and points have portions curved toward the back. These elements, in my judgment, are identical with those constituting complainant's first claim. The curvature of the prongs is more strongly marked in defendants' device, and the points of the prongs, in relation to the back of the comb, diverge inwardly instead of outwardly. This feature substantially corresponds to the second claim of the patent. The slight difference in form of the curvature of the prongs is immaterial. The defendants have substantially appropriated the combination of the complainant's device, and the identical result is produced by its use.

The usual decree restraining the defendants from future infringements and for an accounting may be entered.